UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FREDERICK SADOFSKY,

                                        Plaintiff,           MEMORANDUM
                                                             OPINION AND ORDER

                    -against-
                                                             CV 06-6533 (ADS) (ETB)

FIESTA PRODUCTS, LLC,

                                        Defendant.
----------------------------------------------------------------X

         Before the court is the plaintiff's motion to compel, pursuant to Federal Rule of Civil

Procedure 37, the production of certain discovery, including documents and interrogatory

responses, that were requested from defendant. Defendant objects to plaintiff's discovery

requests on a variety of grounds. For the following reasons, plaintiff's motion is granted in part

and denied in part.[1]


                                        FACTS

         Plaintiff, Frederick Sadofsky ("Sadofsky" or "Plaintiff"), alleges that prior to January

2004, he invented a silicone rolling pin. (Am Compl. ¶ 13.) Sadofsky further alleges that he and

Defendant, Fiesta Products, LLC ("Fiesta" or "Defendant"), an entity that sells kitchenware

products, (id. ¶ 11), entered into an agreement, dated February 17, 2004, by which Sadofsky

assigned "his rights, title, and interest to the silicone rolling pin to Fiesta," in exchange for

---

         [1]  The court is grateful for the assistance of John Tsiforas, a summer intern and second-
year law student at Hofstra University School of Law, for his assistance in the preparation of this
Memorandum Opinion and Order.

                                        -1-

Fiesta's promise to pay Sadofsky a two percent (2%) royalty on all sales of the silicone rolling pin. (Id. ¶ 22.) On April 22, 2004, Sadofsky, along with Edward Bloom ("Bloom") and Greg Dua ("Dua"), who are both officers of Fiesta, (id. ¶¶ 9-10), jointly filed a patent application for the silicone rolling pin with the United States Patent and Trademark Office. (Def. Mem. of Law, Ex. C at 2.) The patent application states that Sadofsky, Dua and Bloom are the inventors of the silicone rolling pin and that the three individuals assigned the patent to Fiesta. (Id.) On May 30, 2006, the silicone rolling pin was issued Patent No. 7,052,450 B2. (Id.)

Fiesta subsequently began selling the silicone rolling pin in 2005, for which it made certain royalty payments to Sadofsky, as per the parties' agreement. (Am. Compl. ¶¶ 26-30.) Sadofsky alleges, however, that Fiesta stopped making royalty payments in 2006, despite continuing to sell the silicone rolling pin. (Id. ¶¶ 31-33.) On December 8, 2006, Sadofsky filed his Complaint in the within action. He subsequently filed an Amended Complaint on March 19, 2007, alleging a total of seven causes of action against Fiesta. The essence of Sadofsky's first four claims is that Fiesta breached the royalty agreement between the parties. (Id.) Sadofsky seeks to recover the royalty payments allegedly due him, as well as the following: (1) an accounting concerning the sales of the silicone rolling pin from January 1, 2005 to the present; (2) the appointment of a temporary receiver to oversee Fiesta' business operations pending the trial of the within action; and, (3) a declaratory judgment that Sadofsky is entitled to two percent (2%) royalty payments from Fiesta for sales of the silicone rolling pin since 2005, and continuing for as long as Fiesta, its agents or its assignees, sell the silicone rolling pin.[2] (Id. ¶

---

[2] Dismissed on motion were Sadofsky's fifth cause of action, which alleged patent infringement by Fiesta, (Am. Compl. ¶¶ 54-64), and the sixth and seventh causes of action, which alleged that Fiesta engaged in fraudulent conduct during its dealings with Sadofsky and

111.)

Fiesta asserts a counterclaim herein, alleging that Sadofsky accepted royalty payments for sales of a french pin, a baker's pin, a pastry roller, and a tapered pastry roller, none of which are covered by United States Patent No. 7,052,450 B2 or the parties' agreement. (Ans. ¶¶ 1-6.) Fiesta seeks to recover the royalty payments allegedly made to Sadofsky for these products. (Id. ¶¶ 7-8.)

## THE PRESENT MOTION

Before the Court is the plaintiff's motion to compel responses to certain interrogatories and document requests. Sadofsky asserts that he served Fiesta with his First Request for the Production of Documents on June 14, 2007 and that although Fiesta has responded to portions of this request, it has not responded to Document Requests Nos. 12, 13, 14 and 18. (Aff. of Robert Dougherty, dated Apr. 21, 2008 ("Dougherty Aff."), ¶¶ 3, 6.) The disputed requests from the First Request for the Production of Documents are as follows: (1) Requests Nos. 12, 13 and 14 seek all correspondence, faxes, emails or other documents between Fiesta, Dua or Bloom and any distributors, licensees, wholesalers or retailers concerning the rolling pins and (2) Request No. 18 seeks all of Fiesta's corporate tax returns from 2004 to the present. (Id., Ex. A at 2-3.) Fiesta objected to these requests on the basis of relevance and that they are vague, ambiguous, overly broad, unduly burdensome and/or call for the production of confidential information. (Aff. of John W. Egan, dated May 2, 2008 ("Egan Aff."), Ex. A at 7-8, 10-11.)

---

requested (1) rescission of the parties' contract and (2) a declaration that Sadofsky is the sole owner of the silicone rolling pin patent, (id. ¶¶ 65-111.) (Mem. of Decision and Order, Spatt, J., Oct. 17, 2007, at 17.)

Sadofsky further asserts that he served Fiesta with his Second Request for the Production of Documents on June 27, 2007 and that although Fiesta has answered portions of this request, it has not responded to Document Requests Nos. 2, 4 and 12. (Dougherty Aff. ¶¶ 4, 6.) The disputed requests from the Second Request for the Production of Documents are as follows: (1) Request No. 2 seeks Federal Form 1065 for the years 2004, 2005 and 2006; (2) Request No. 4 seeks all 1099 forms filed by Fiesta for the years 2004, 2005 and 2006; and (3) Request No. 12 seeks all invoice and rental agreements for trade shows for the years 2004, 2005, 2006, and 2007 to date. (Id., Ex. B at 1-2.) Fiesta objected to these requests on the basis of relevance and/or that they call for the production of confidential information. (Egan Aff., Ex. B at 3-5, 8-9.)

Sadofsky also asserts that he served Fiesta with his Third Request for the Production of Documents on December 18, 2007 and that although Fiesta has responded to portions of this request, it has not responded to Document Requests Nos. 1, 2, 3, 4, 5, 8, 13 and 14. (Dougherty Aff. ¶¶ 5-6.) The disputed requests from the Third Request for the Production of Documents are as follows:

> Request No.1 seeks Fiesta's Certificate of Incorporation, By-Laws, shareholder lists, meeting minutes, any documents showing the names and addresses of Fiesta's corporate officers and any operating agreement concerning Fiesta. (Id., Ex. C at 1.) Fiesta asserts that it has provided Sadofsky with the identity and addresses of its officers and objects to the remainder of the request on the basis of relevance and that it requests business-sensitive information. (Egan Aff., Ex. C at 3.)

> Request No. 2 seeks all documents concerning any ownership or shareholder interest in Fiesta by Bailey & Taylor Corporation. (Dougherty Aff., Ex. C at 1.) Fiesta objected to this request on the basis of relevance and that it requests business-sensitive information. (Egan Aff., Ex. C at 4.)

> Request No. 3 seeks all documents concerning any ownership or

shareholder interest in Fiesta by Dua Group Corporation. (Dougherty Aff., Ex. C at 2.) Fiesta objected to this request on the basis of relevance and that it requests business-sensitive information. (Egan Aff., Ex. C at 4.)

Request No. 4 seeks all documents concerning the preparation by Fiesta of various silicone rolling pin prototypes. (Dougherty Aff., Ex. C at 2.) Fiesta objected to this request on the basis of relevance and that it requests proprietary information. (Egan Aff., Ex. C at 4-5.) Additionally, Fiesta asserts that it has provided Sadofsky with all of the documentary support for its patent application that was provided to the United States Patent and Trademark Office. (Egan Aff. ¶ 18.)

Request No. 5 seeks all documents concerning Fiesta's contention in its Answer that the February 17, 2004 agreement between the parties may not exist. (Dougherty Aff., Ex. C at 2.) Fiesta objected to this request on the grounds that it did not make any such allegation. (Egan Aff., Ex. C at 5.)

Request No. 8 seeks all documents concerning Fiesta's assertion that Sadofsky's first, second, third and fourth causes of action are barred, in whole or in part, by the doctrines of estoppel, release, laches, waiver or unclean hands. (Dougherty Aff., Ex. C at 2.) Fiesta objected to this request on the grounds that it seeks privileged information. (Egan Aff., Ex. C at 6-7.)

Request No. 13 seeks all documents provided to Fiesta by Sadofsky concerning the designs of the silicone rolling pins. (Dougherty Aff., Ex. C at 3.) Fiesta maintains that it has responded to this request. (Egan Aff., Ex. H at 4.)

Request No. 14 seeks all documents prepared by Fiesta, Dua or Bloom, or any related entity or individual, concerning the designs and concepts of the silicone rolling pins. (Dougherty Aff., Ex. C at 3.) Fiesta objected to this request on the basis of relevance and that it is vague, overbroad and unduly burdensome. (Egan Aff., Ex. C at 9.)

With respect to the interrogatories at issue in this motion, Sadofsky asserts that he served Fiesta with his First Set of Interrogatories on December 18, 2007. (Dougherty Aff. ¶ 8.) The interrogatories request written answers that state, for the years 2004, 2005, 2006 and 2007: (1) the annual sales for several types of the silicone rolling pin and (2) the name, address and contact

information for each customer who purchased silicone rolling pins.  (Id., Ex. D at 7-11.)  On

March 10, 2008, the Court issued a Protective Order governing the production and handling of

confidential information and documents in this action.  Fiesta asserts that, after the Protective

Order was issued, it produced relevant documents in response to Sadofsky's First Set of

Interrogatories, which were identified by Bates number and organized according to each of the

silicone rolling pin types and the years requested by Sadofsky.  (Egan Aff. ¶¶ 6-9.)  Sadofsky

maintains, however, that although Fiesta responded to his First Set of Interrogatories, none of the

interrogatories were actually answered.  (Dougherty Aff. ¶¶ 8-10.)

Additionally, by letter dated March 26, 2008, Sadosfky requested that Fiesta produce all

documents concerning the sales of all non-silicone rolling pin products from 2004 to the present.

(Egan Aff., Ex. G at 1.)  Fiesta asserts, however, that Sadofsky has not served it with a request

for the production of these documents.  (Egan Aff. ¶ 11.)  Fiesta further asserts that even if the

request were to be deemed within the scope of the existing document requests, the request is

irrelevant and beyond the scope of this action.  (Egan Aff., Ex. H at 5.)

By letter dated March 10, 2007, Sadofsky requested compliance with the alleged

outstanding discovery demands.  (Dougherty Aff. ¶ 11 and Ex. F.)  Fiesta responded by letter

dated April 4, 2008, asserting that it has fully responded to plaintiff's discovery requests and

reiterating its objections to the disputed demands.  (Dougherty Aff., Ex. G.)  On April 16, 2008,

counsel for the parties engaged in a telephone conversation in which Sadofsky's counsel

informed Fiesta that he would be moving to compel responses to the outstanding discovery

requests.  (Egan Aff. ¶ 14.)  Sadofsky thereafter filed the within motion to compel, requesting

that the Court order Fiesta to respond to all of the disputed document requests and interrogatories

discussed <u>supra</u> and award him his attorney's fees and costs incurred in connection with the motion.

<span style="font-variant:small-caps">DISCUSSION</span>

I.  <u>Plaintiff's First Set of Interrogatories</u>

Plaintiff's motion with respect to his First Set of Interrogatories (Interrogatories Nos. 2-12) is denied.  Fiesta has already responded to the interrogatories by providing Sadofsky with specifically identified business records, pursuant to Federal Rule of Civil Procedure 33(d).  Moreover, Sadofsky has not established that the burden of ascertaining the answers to his interrogatories by examining the records produced will be greater for him than for Fiesta.

Under Federal Rule of Civil Procedure 33(d), the responding party may answer an interrogatory by producing business records if the following requirements are met: (1) the interrogating party can determine the answer to the interrogatory by "examining, auditing, compiling, abstracting or summarizing" the business records; (2) "the burden of deriving or ascertaining the answer will be substantially the same for either party"; (3) the responding party "specifies the records that must be reviewed, in a sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could"; and, (4) the responding provides the interrogating party with "a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  Fed. R. Civ. P. 33(d).  Interrogatories Nos. 2-12 request written answers that state, for the years 2004, 2005, 2006 and 2007: (1) the annual sales for several types of the silicone rolling pins, and (2) the name, address and contact information for each customer who purchased silicone rolling pins.  (Dougherty Aff.,

Ex. D at 7-11.)  Fiesta responded to these interrogatories by producing and identifying invoices

that are maintained in the normal course of its business.  (Aff. of Gregory Dua, dated May 2,

2008 ("Dua Aff."), ¶ 8.)  Invoices are considered business records within the meaning of Rule

33(d).  See 7 James Wm. Moore et al., Moore's Federal Practice § 33.105 (3d ed. 2008).

Fiesta asserts that Sadofsky can find the answers to Interrogatories Nos. 2-12 by

examining the invoices it has produced and identified.  (Def. Mem. of Law 4-6.)  Sadofsky does

not challenge this assertion.  Sadofsky should be able to locate the relevant invoices as readily as

Fiesta because Fiesta responded to each interrogatory by providing a range of continuous

documents, identified by Bates numbers.  See Phoenix Four, Inc. v. Strategic Res. Corp., No. 05

Civ. 4837, 2006 U.S. Dist. LEXIS 35385, at *9 (S.D.N.Y. June 2, 2006) (holding that plaintiff

could answer defendants' interrogatory by identifying by Bates numbers the documents already

produced and stating which Bates numbers corresponded to the relevant documents).

Additionally, Sadofsky does not allege that Fiesta has not provided him with a reasonable

opportunity to examine the invoices.  Nor does an examination of Fiesta's response to

Interrogatories Nos. 2-12 reveal any temporal restrictions or limitations.  (Egan Aff., Ex. E.)

Sadofsky bears the burden of proving that Fiesta failed to respond to his First Set of

Interrogatories and therefore "must make a prima facie showing that the use of Rule 33(d) is

somehow inadequate, whether because the information is not fully contained in the documents or

because it is too difficult to extract."  Moore's Federal Practice § 33.105.  Sadofsky has not

satisfied this burden.  "The language of Rule 33(d) requires the burden among the producing and

reviewing parties to be equal and that there be a sufficiently detailed specification so that the

interrogating party is able to locate and identify the responsive documents."  Convermat Corp. v.

St. Paul Fire & Marine Ins. Co., No. CV 06-1045, 2007 U.S. Dist. LEXIS 69102, at *17

(E.D.N.Y. Sept. 18, 2007) (ordering a written response to an interrogatory because it constituted

a less burdensome way to ascertain the information sought rather than reviewing business

records).  A responding party creates an unequal burden for the receiving party when it has the

answer to an interrogatory in the form of a compilation but responds to the interrogatory by

producing and identifying business records, such that the receiving party must then compile the

records to obtain the answer to the interrogatory.  See Compagnie Francaise d'Assurance Pour le

Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 44 (S.D.N.Y. 1984) (stating that

Rule 33(d) "is not an available alternative if an interrogatory can be responded to more readily

and conveniently by written answer").  Some interrogatories call for a simple answer and any

response other than a written answer creates an unequal burden between the parties.  See

Convermat, 2007 U.S. Dist. LEXIS 69102, at *17 (ordering written answers because the

interrogatories called for "straightforward information").

 Additionally, a responding party cannot "foist a mass of records on his interrogator when

their deciphering is feasible only for one familiar with the records."  Compagnie Francaise, 105

F.R.D. at 44.  Even the production of a small number of documents can create an unequal burden

when the contents of the documents are not clear to the interrogating party.  See, e.g., Secs. &

Exch. Comm'n v. Tellco Info. Servs., No. 79 Civ. 6649, 1981 U.S. Dist. LEXIS 15268, at *6

(S.D.N.Y. Oct. 16, 1981) (upholding Magistrate's decision that the defendant should not be

required to interpret the observations of a phone conversation memorialized in a hand-written

note).  However, "[o]ne party's familiarity with the documents does not necessarily create a

disparity in the ease of discovery that would preclude resort to Rule 33[(d)]."  Compagnie

Francaise, 105 F.R.D. at 44 (citation omitted).

Where an unequal burden does not exist between the parties, the court will allow the responding party to produce business records, even if the interrogating party must examine multiple documents to ascertain the answers to its interrogatories. See, e.g., Myer v. Miriam Collins-Palm Beach Labs. Co., No. 85-3457, 1985 U.S. Dist. LEXIS 14591, at *12 (E.D. Pa. Oct. 24, 1985) (denying plaintiff's motion to compel responses to interrogatories because defendant's offer to produce documents ranging from 1980 to 1982 was an adequate response to the interrogatories). The rationale behind Rule 33(d) is to shift the burden of compiling the information and, accordingly, ascertaining the answer, from the producing party to the interrogating party. See Compagnie Francaise, 105 F.R.D. at 44.

Sadofsky alleges that Fiesta has the information he seeks in a compiled format. (Pl. Reply Mem. of Law 7-8.) He asserts that the annual sales of silicone rolling pins can be easily found in Fiesta's tax returns and that customer contact information for each customer who purchased silicone rolling pins can be easily found in Fiesta's accounts payable. (Id.) Sadofsky further alleges that Fiesta has not directly responded to these allegations. (Reply Aff. of Robert Dougherty, dated May 7, 2008 ("Dougherty Reply Aff."), ¶¶ 11-13.)

However, Sadofsky has not established that the invoices Fiesta produced are voluminous or incapable of being deciphered by Sadofsky. Rather, an examination of the invoices reveals that they are well-organized, clear and straightforward, and contain both the annual sales and customer contact information sought by Sadofsky. (Egan Aff., Ex. F.) Accordingly, it appears that in order to obtain the answers to Interrogatories Nos. 2-12, one of the parties must undertake the task of compiling the information. The available facts do not provide a reason to conclude

that this process would be more burdensome for either party. Therefore, under the rationale of Rule 33(d), where the burden would be the same for either party, the interrogating party should bear the responsibility of compiling the information. See Compagnie Francaise, 105 F.R.D. at 44.

Based on the foregoing, Sadofsky's motion to compel Fiesta to provide written answers to Interrogatories Nos. 2-12 is denied.

II.     Fiesta's Tax Records

Sadofsky's motion to compel Fiesta to produce all of its corporate tax returns from 2004 to the present, its Federal Form 1065[3] for the years 2004 through 2006, and all 1099[4] forms filed by Fiesta for the years 2004 through 2006 is also denied. The information sought from such records is readily available from less intrusive sources - the invoices produced by Fiesta in response to Sadofsky's interrogatories.

In order for a requesting party to prevail on a motion to compel the production of tax returns, whether corporate or personal, the requesting party must satisfy a two-prong test: (1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source. See Hamm

---

[3] "Form 1065 is an information return used to report the income, gains, losses, deductions, credits, etc. from the operation of a partnership." Instructions for Form 1065, http://www.irs.gov/pub/irs-pdf/1065.pdf (last visited July 30, 2007).

[4] "The IRS Form 1099 is used to report a variety of . . . income payments to the IRS. This form is usually used when the taxpayer has received income from other sources besides a wage-paying job." StreetAuthority.com, IRS Form 1099 - A complete definition, http://www.streetauthority.com/terms/i/irs-form-1099.asp (last visited July 30, 2007).

v. Potamkin, No. 98 Civ. 7425, 1999 U.S. Dist. LEXIS 5948, at *6-7 (S.D.N.Y. Apr. 26, 1999) (applying two-part test to motion to compel corporate tax returns) (citing Secs. & Exch. Comm'n v. Cymaticolor Corp., 106 F.R.D. 545, 548 (S.D.N.Y. 1985) (setting forth two-part test in connection with a motion to compel personal tax returns)).  This two-prong test is in harmony with the current public policy against the compelled production of tax returns.  See Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979).  Thus, "a more stringent standard for discovery of tax returns applies than the general standard of relevance for discovery" in Federal Rule of Civil Procedure 26(b)(1).  Gates v. Wilkinson, No. 03-CV-763, 2005 WL 758793, at *1 (N.D.N.Y. Apr. 5, 2005).  The requesting party bears the burden of establishing both relevancy and a compelling need for the tax returns.  See Carmody v. Vill. of Rockville Ctr., CV-05-4907, 2007 U.S. Dist. LEXIS 50933, at *5 (E.D.N.Y. July 13, 2007) (stating that the modern trend seems to place the burden of proof on the requesting party); A.F.L. Falck, S.p.A. v. E.A Karay Co., Inc., 131 F.R.D. 46, 48 (S.D.N.Y. 1990) (granting motion to compel production of corporate tax returns where plaintiff demonstrated relevance and a compelling need for the returns).

Tax returns are considered relevant to the subject matter of an action when a party's income may be used to calculate damages.  See, e.g., Carmody, 2007 U.S. Dist. LEXIS 50933, at *7 (finding that plaintiff's federal income tax returns were relevant to his claim of lost earnings and damages because they would provide the defendant with accurate information concerning plaintiff's income); Hazeldine v. Beverage Media, Ltd., No. 94 Civ. 3466, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997) (holding that defendant's tax returns were relevant because defendant's wealth was "clearly relevant to plaintiff's claim for punitive damages").  Some courts have found tax returns to be "clearly relevant" only where the tax returns were reasonably

expected to contain information concerning sources and amounts of income and related financial information. Gates, 2005 WL 758793, at *2. Other courts have applied a lesser standard than "clearly relevant" when determining whether the tax returns are relevant to the subject matter of the action. See, e.g., Tillman v. Lincoln Warehouse Corp., No. 83 Civ. 5381, 1987 WL 7933, at *1 (S.D.N.Y. Mar. 13, 1987) (upholding Magistrate's decision ordering the production of tax returns despite applying a lesser standard than clear relevance).

Here, Sadofsky is seeking damages from Fiesta for an alleged breach of a royalty agreement between the parties, which purportedly entitles Sadofsky to two percent (2%) of all sales of silicone rolling pins by Fiesta. (Am. Compl. ¶ 111.) Sadofsky asserts that Fiesta's tax returns are relevant because they can be used to determine the amount of income that Fiesta realized from sales of the silicone rolling pin. (Pl. Reply Mem. of Law 8.) Additionally, by its counterclaim, Fiesta alleges that Sadofsky was erroneously compensated for sales that were not covered by any agreement among the parties and seeks to recover these alleged payments. Accordingly, the parties' pleadings have squarely placed Fiesta's income at issue. Fiesta's tax returns therefore appear to be relevant to the subject matter of the within action.

Notwithstanding the foregoing, tax returns are not always discoverable in cases in which a party's income is relevant to the subject matter of the action. The moving party must also show that the information sought is not available from an alternative source. See, e.g., Chen v. Republic Rest. Corp., No. 07 Civ. 3307, 2008 WL 793686, at *2-3 (S.D.N.Y. Mar. 26, 2008) (determining that plaintiff's tax returns were not relevant because there were better sources to determine the number of hours the plaintiffs worked). Here, Sadofsky has not established that there is a "compelling need" to order Fiesta to produce its tax returns because Sadofsky can

readily obtain the information from a less intrusive source.

A compelling need for an adversary's tax returns does not exist where the requesting party is in possession of financial documents from which the information sought by the tax returns may be readily obtained. See Chen, 2008 WL 793686, at *3. This is so even where the requesting party may need to compile numerous records in its possession to ascertain the information sought from the tax returns. See id. Courts have held financial documents to be a less intrusive source than tax returns and have thus refused to order the production of tax returns where such documents are available for review. See Barkley v. Olympia Mortg. Co., No. 05-CV-5679, 2007 U.S. Dist. LEXIS 13308, at *24-25 (E.D.N.Y. Feb. 27, 2007) (finding no compelling need for tax returns where requesting party could obtain the information sought by examining other, less intrusive, sources). Depositions have also been held to constitute a less intrusive source for obtaining information. See Sabatelli v. Allied Interstate, Inc., No. CV 05-3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (holding that the information sought was otherwise readily available through less intrusive means because plaintiff "may make inquiry during the depositions of the[] defendants as to this information"). Furthermore, courts typically will not order the production of tax returns simply because a requesting party might incur a greater inconvenience by being forced to obtain the information from sources other than tax returns. See Gates, 2005 WL 758793, at *2 (stating that "the fact that the information sought by plaintiffs may be more easily accessible from tax returns than from depositions or other financial documents does not, without more, constitute a compelling need").

Sadofsky requests Fiesta's tax returns in order to determine the amount of income that Fiesta has realized from sales of the silicone rolling pin. (Pl. Reply Mem. of Law 8.) This

information is readily obtainable by examining the invoices already produced by Fiesta in response to Sadofsky's interrogatories. The invoices produced by Fiesta contain the date of sale and the specific amount charged for each silicone rolling pin sale and are organized by rolling pin type and year. (Egan Aff., Ex. F.) Thus, it is reasonable to conclude that Sadofsky can readily obtain the information he seeks from Fiesta's tax returns by examining the invoices already produced. An examination of these invoices is less intrusive than an examination of Fiesta's tax returns. In addition, Sadofsky may also obtain the information he seeks during depositions, which are scheduled to take place before the close of discovery.[5] (Pl. Reply Mem. of Law 7.)

Sadofsky asserts that he cannot readily obtain the information he seeks from Fiesta's tax returns by examining the invoices. In support of his argument, Sadofsky relies on Securities and Exchange Commission v. Cymaticolor Corp., 106 F.R.D. 545 (S.D.N.Y 1985), which held that "once the Court determines that the tax returns are relevant to the issues to be tried and the information cannot be obtained readily elsewhere, disclosure of the tax returns is warranted." Id. at 548. However, Sadofsky does not assert that the information sought cannot be readily

---

[5] A compelling need for the tax returns may exist despite the production of other financial documents, see, e.g., Tillman, 1987 WL 7933, at *1 (upholding Magistrate's order to produce tax returns because the requesting party could only obtain a paucity of information from the alternative sources of information); however, that is not the case here. Sadofsky does not claim in his moving papers that the invoices produced by Fiesta are incomplete or inaccurate. Thus, the Court accepts Fiesta's representation that the invoices it produced constitute all of the responsive documents with respect to Sadofsky's request for information concerning Fiesta's annual sales of the silicone rolling pins See Sedona Corp. v. Open Solutions, Inc., No. 3:07 CV 00171, 2008 U.S. Dist. LEXIS 25915, at *7 (D. Conn. Mar. 28, 2008) (accepting the producing party's assertion that all relevant documents were produced where requesting party failed to offer contrary evidence). Should this not turn out to be the case, plaintiff may renew his application following depositions and further discovery.

obtained from the invoices because they are somehow inadequate. Rather, Sadofsky maintains that the information is not readily obtainable because Fiesta has allegedly violated Rule 33(d) by responding to Sadofsky's interrogatories, which request annual sales of silicone rolling pins, by producing these same invoices, discussed <u>supra</u>. (Pl. Reply Mem. of Law 8.)

The requirements of Rule 33(d) and the two-prong test for the production of tax returns are distinct. While Rule 33(d) requires that the burden of ascertaining the answer to the interrogatory be equal between the parties, <u>see</u> <u>Wright v. Stern</u>, Nos. 01 Civ. 4437, 02 Civ. 4699, 2003 U.S. Dist. LEXIS 435, at *7-8 (S.D.N.Y. Jan. 13, 2003), the two-prong test for the production of tax returns makes no mention of burden and only requires that the information sought not be readily obtainable elsewhere. <u>See</u> <u>Gates</u>, 2005 WL 758793, at *2 (declining to order the production of tax returns simply because their production might provide a less burdensome method to ascertain the information sought). Accordingly, an alleged or actual violation of Rule 33(d) due to an unequal burden between the parties does not establish that the information sought from the tax returns is not readily obtainable from another source. Thus, Sadofsky cannot satisfy the two-prong test for the production of tax returns by merely alleging a violation of Rule 33(d).

For the foregoing reasons, Sadofsky has failed to meet his burden of establishing both elements of the two-prong test for the production of tax returns. Accordingly, his motion to compel with respect to these documents is denied.

III.     <u>Documents Concerning the Silicone and Non-Silicone Rolling Pins</u>

Sadofsky's motion to compel with respect to certain documents concerning the silicone

and non-silicone rolling pins requested in plaintiff's three document production requests is granted in part and denied in part. Under Federal Rule of Civil Procedure 26, a requesting party may obtain discovery regarding any non-privileged matter that is relevant to the subject matter of the action. See Fed. R. Civ. P. 26(b)(1). "Relevance," under the Federal Rules of Civil Procedure, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Once the requesting party establishes that its discovery request meets this standard, the burden shifts to the responding party to demonstrate that discovery is improper. See Ferguson v. Lion Holding, Inc., No. 02 Civ. 4528, 2005 U.S. Dist. LEXIS 9789, at *7 (S.D.N.Y. May 23, 2005). Courts may limit discovery when it would cause an "undue burden or expense" that outweighs its "likely benefit." Id. at *9-10. Additionally, courts may deny a redundant discovery request. See Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 169 (S.D.N.Y. 2004) (denying plaintiff's request to compel the production of invoices as redundant); see also Fed. R. Civ. P. 26(b)(2)(A), (B) and (C).

A.     Plaintiff's First Document Production Request

Sadofsky's motion to compel the production of documents requested in Document Requests Nos. 12, 13 and 14 of his First Request for the Production of Documents, which seek all correspondence, faxes, emails or other documents between Fiesta, Dua, Bloom and any distributors, licensees, wholesalers or retailers concerning the silicone rolling pins, is denied. (Dougherty Aff., Ex. A at 2-3.) While the documents requested may reveal information regarding sales of the silicone rolling pins, which bears on Sadofsky's claim that Fiesta breached

the royalty agreement between the parties, the production of such information would cause an undue burden or expense to Fiesta that outweighs the benefit to Sadofsky of receiving such information.

Fiesta objected to Document Requests Nos. 12, 13 and 14 on the basis of relevance and that they were "vague, ambiguous, overbroad and unduly burdensome." (Egan Aff., Ex. A at 7-8.) Dua stated in his affidavit in opposition to the within motion that Fiesta is a small company with only one employee and that it has "received thousands of email and written correspondence concerning the silicone rolling pin over the last four years," such that producing the documents requested by plaintiff "would be unduly burdensome." (Dua Aff. ¶¶ 2-4.) When Dua's assertions are weighed against the possibility of Sadofsky discovering relevant information through Document Requests Nos. 12, 13 and 14, the Court finds in favor of Fiesta. Accordingly, Sadofsky's motion to compel these documents is denied on the grounds of undue burden.

B.     Plaintiff's Second Document Production Request

Sadofsky's motion to compel the production of documents requested in Document Request No. 12 of his Second Request for the Production of Documents, which requests all invoices and rental agreements for trade shows for the years 2004, 2005, 2006 and 2007 to date, is also denied. (Dougherty Aff., Ex. B at 2.) As stated supra, Fiesta objected to this demand on the basis of relevance. (Egan Aff., Ex. B at 9.) Fiesta's objection is sustained.

Sadofsky's claims in the within action concern income realized by Fiesta from sales of the silicone rolling pin. The documents requested by Sadofsky would primarily provide information regarding expenses. Sadofsky asserts that these documents are relevant because they relate to sales of the silicone rolling pins. (Pl. Reply Mem. of Law 5.) According to

plaintiff, he "is seeking production of documents that relate in any way to the sale of the silicone rolling pin" and the "invoices and rental agreements for trade shows will lead to information concerning sales of the various silicone rolling pin products." (Id.) Such a request is patently overbroad and amounts to nothing more than a fishing expedition, which the Court is not willing to permit. See City of New York v. Republic of Philippines, No. 03 Civ. 6085, 2004 WL 2710026, at *8 (S.D.N.Y. Nov. 23, 2004) (refusing to allow the Philippines to use discovery as a tool to engage in a "fishing expedition" at the expense of the plaintiff). The documents requested are not reasonably calculated to lead to information regarding sales of the silicone rolling pin but rather will primarily yield information concerning Fiesta's expenses, which are not relevant to the claims asserted by either party in the within action.

Accordingly, Sadofsky's motion to compel the documents requested by Document Request No. 12 of his Second Request for the Production of Documents is denied.

C.      Plaintiff's Third Document Production Request

1.      Document Requests Nos. 1, 2 and 3

The Court also denies Sadofsky's motion to compel the production of documents requested in Document Requests Nos. 1, 2 and 3 of his Third Request for the Production of Documents, which seek the following: (1) Fiesta's Certificate of Incorporation; (2) its By-Laws; (3) its shareholder lists; (4) its meeting minutes; (5) documents showing the names and addresses of Fiesta's corporate officers; (6) any operating agreement concerning Fiesta; (7) all documents concerning any ownership or shareholder interest in Fiesta by Bailey & Taylor Corporation; and, (8) all documents concerning any ownership or shareholder interest in Fiesta by Dua Group Corporation. (Dougherty Aff., Ex. C at 1-2.)

Fiesta asserts that it has already provided Sadofsky with the names and addresses of its corporate officers in its Initial Disclosures and that Dua and Bloom "are the only two officers of Fiesta." (Dua Aff. ¶ 4.) An examination of Fiesta's Initial Disclosures confirms Fiesta's assertion. (Egan Aff., Ex. K at 1.) Thus, I find that Fiesta has complied with this portion of the requests.

With respect to the remaining documents sought by the requests, Sadofsky has failed to make an adequate showing that the documents he seeks are relevant to his claim that Fiesta breached the parties' royalty agreement. Sadofsky asserts that "corporate information concerning [Fiesta] is relevant concerning the agreement entered into with plaintiff . . . the preliminary design and development stage of the various silicone rolling pins, whether the agreement with [plaintiff] was allegedly restricted in any fashion or that said agreement may not exist as defendant alleges." (Pl. Reply Mem. of Law 5-6.) According to plaintiff, the operating agreements, by-laws and meeting minutes requested would "[c]learly . . . shed some light" on Fiesta's defense that the agreement may not exist. (Id. 6.) However, as discussed infra, Fiesta maintains that it is not claiming that the agreement between the parties does not exist. Accordingly, plaintiff's argument on these grounds is misplaced. Moreover, with respect to the design and development of the silicone rolling pins, other documents requested by Sadofsky, for which his motion is granted, as discussed infra, will provide the information he is seeking.

Based on the foregoing, I find that Document Requests Nos. 1, 2 and 3 of plaintiff's Third Request for the Production of Documents are overbroad and that the documents requested therein are not relevant to the claims and defenses in this action.

2.	Document Request No. 5

Sadofsky also seeks to compel the production of documents requested in Document Request No. 5 of the Third Request for the Production of Documents. This request seeks all documents concerning a purported contention in Fiesta's Answer that the February 17, 2004 agreement between the parties may not exist. In its Answer, Fiesta states that it "denies each and every allegation in paragraph 22 of the First Amended Complaint upon information and belief, and respectfully refers this Honorable Court to the terms and conditions contained in the February 17, 2004 agreement between the parties, to the extent such agreement exists." (Ans. ¶ 22.) However, Fiesta later responded that it did not allege that the February 17, 2004 agreement may not exist in its Answer and simply referred "all questions of law to the Court, including the enforceability of the February 17, 2004 agreement." (Egan Aff., Ex. C at 5.) Fiesta does not state whether any relevant documents exist that would support a contention that the February 17, 2004 agreement does not exist.

In response, Sadofsky asserts that if any relevant documents do indeed exist, they should be produced. (Pl. Reply Mem. of Law 6.) Sadofsky further asserts that if there are no such relevant documents, then Fiesta's affirmative defense alleging the non-existence of the agreement should be stricken from its Answer. (Id.) However, such relief is not sought in the within motion.

Fiesta is directed to provide an affidavit from counsel within ten (10) days of the date of this Memorandum Opinion and Order as to whether or not any relevant documents responsive to this request exist. To the extent that there are any, such documents shall be produced within ten (10) days. If counsel avers that there are no relevant documents responsive to this request,

Sadofsky may pursue his application with respect to Fiesta's affirmative defense by motion for summary judgment, in the event that Fiesta does not consent to the affirmative defense being stricken.

        3.      <u>Document Request No. 8</u>

        Sadofsky's motion to compel the production of documents requested by Document Request No. 8 of plaintiff's Third Request for the Production of Documents, which seeks all documents concerning Fiesta's claim that Sadofsky's first, second, third and fourth causes of action are barred, in whole or in part, by the doctrines of estoppel, release, laches, waiver or unclean hands, is denied. (Dougherty Aff., Ex. C at 2.) Fiesta asserts that the request is objectionable on the grounds that it seeks "disclosure of the opinions, mental impressions, conclusions, or legal theories of Fiesta, its counsel, or other representatives" and that it does not have any non-privileged documents responsive to this request. (Egan Aff., Ex. C at 6-7.) Accordingly, Fiesta appears to be asserting attorney work product privilege in response to this request. However, there is nothing in the papers submitted to the Court indicating that Fiesta provided Sadofsky with a privilege log in response to this request, as required under Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2.

        "It is well established that failure to provide a privilege log in a timely manner may result in waiver of objections on the basis of privilege." <u>Rahman v. Smith & Wollensky Rest Group, Inc.</u>, No. 06 Civ. 6198, 2007 U.S. Dist. LEXIS 37642, at *7 (S.D.N.Y. May 24, 2007) (citing cases); <u>see also</u> <u>Weber v. Paduano</u>, No. 02 Civ. 3392, 2003 U.S. Dist. LEXIS 858, at * 34 (S.D.N.Y. Jan. 14, 2003) ("Under certain circumstances, the failure to provide a privilege log can result in a waiver of privilege as to the documents that have not been produced."). However,

"[o]nly 'flagrant' violations of [the Federal and local rules] should result in a waiver of privilege." Pem-Am., Inc. v. Sunham Home Fashions, LLC, No. 03 Civ. 1377, 2007 U.S. Dist. LEXIS 80548, at * 5 (S.D.N.Y. Oct. 30, 2007) (quoting In re In-Store Adver. Secs. Litig., 163 F.R.D. 452, 457 (S.D.N.Y. 1995)). Accordingly, "failure to provide a privilege log alone does not warrant a waiver of . . . privilege." Pem-Am., Inc., 2007 U.S. Dist. LEXIS 80548, at *5.

If, indeed, Fiesta has not provided Sadofsky with a privilege log in response to Document Request No. 8 of plaintiff's Third Request for the Production of Documents, as appears to be the case, Fiesta is directed to provide one within ten (10) days of the date of this Memorandum Opinion and Order. The privilege log shall identify the responsive documents that Fiesta asserts are privileged, as well as the specific privilege it is asserting, in compliance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2. Failure to do so may result in a waiver of privilege with respect to these documents on Fiesta's part. In all other respects, Sadofsky's motion to compel is denied as to this request, with leave to renew by formal motion, including a pre-motion conference.

4.     Document Request No. 13

Document Request No. 13 of plaintiff's Third Request for the Production of Documents has already been satisfied. This request seeks all documents submitted to Fiesta by Sadofsky concerning the design of the silicone rolling pins. (Dougherty Aff., Ex. C at 3.) Fiesta asserts that it has already responded to this request. (Egan Aff., Ex. H at 4.) Accordingly, the motion to compel is denied with respect to this request. Moreover, by this request, Sadofsky seeks documents claimed to have been submitted by him to Fiesta. It follows that if Sadofsky provided these documents to Fiesta in the first place, he should possess copies, raising the issue

of duplicative discovery, which is not permitted. <u>See</u> Fed. R. Civ. P. 26(b)(2)(C) (stating that the

Court "must limit the frequency or extent of discovery . . . if it determines that

. . . (i) the discovery sought is . . . duplicative").

     5.    <u>Document Requests Nos. 4 and 14</u>

Document Requests Nos. 4 and 14 of plaintiff's Third Request for the

Production of Documents both seek relevant information and their production is ordered.

Sadofsky asserts that these requests are relevant because Fiesta has filed a counterclaim alleging

that certain silicone rolling pins, for which Sadofsky was allegedly erroneously compensated, are

not covered by the parties' royalty agreement. These requests seek design and prototype

documents, all of which would appear to be relevant to any defense Sadofsky may offer in

response to Fiesta's counterclaim. Additionally, any confidentiality concerns can be alleviated

by the Protective Order in place between the parties. Accordingly, Sadofsky's motion to compel

with request to Document Requests Nos. 4 and 14 of his Third Request for the Production of

Documents is granted and Fiesta is directed to produce the responsive documents within ten (10)

days of the date of this Memorandum Opinion and Order.

D.    <u>Documents Concerning Non-Silicone Rolling Pins</u>

Plaintiff also moves to compel the production of all documents concerning Fiesta's sales

of all non-silicone rolling pin products from 2004 to the present. Plaintiff asserts that such

information is relevant to determining the portion of Fiesta's revenue attributed to sales of the

silicone rolling pin products and the portion attributed to sales of the non-silicone rolling pin

products. (Pl. Mem. of Law 9.) Fiesta asserts that plaintiff has not served it with a request for

the production of these documents, in compliance with Rule 34 of the Federal Rules of Civil

Procedure, and that even if the request can be considered to be encompassed within the scope of plaintiff's existing document requests, such documents are irrelevant and beyond the scope of this action. (Egan Aff. ¶ 11, Ex. H at 4.)

It appears from correspondence exchanged between the parties, which were submitted as exhibits to the within motion, that although Fiesta provided Sadofsky with documents that would be responsive to this request - i.e., the invoices for its sales of both the silicone and non-silicone rolling pins - it redacted any information concerning the non-silicone rolling pins. (Egan Aff., Ex. G.) Sadofsky objected to this redaction and asserted that such information is necessary to "confirm the annual sales of the silicone rolling pins." (Id.)

I find that the information redacted from the invoices produced by Fiesta may be relevant to Sadofsky's claims in the within action and should have been produced. Accordingly, Sadofsky's motion to compel is granted with respect to these documents and Fiesta is directed to produce unredacted versions of the invoices within ten (10) days of the date of this Memorandum Opinion and Order.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted in part and denied in part. Specifically, plaintiff's motion is granted with respect to Document Requests Nos. 4 and 14 of his Third Request for the Production of Documents, which request design and prototype documents concerning the various silicone rolling pin products. Fiesta is also ordered to produce unredacted versions of the invoices previously produced, which contain information concerning sales of the non-silicone rolling pin products. All production is to be made within ten (10) days

of the date of this Memorandum Opinion and Order.

In addition, with respect to Document Request No. 5 of plaintiff's Third Request for the Production of Documents, defendant's counsel is directed to provide an affidavit, within ten (10) days of the date of this Memorandum Opinion and Order, stating whether or not documents responsive to this request exist. To the extent such documents do exist, Fiesta is directed to produce them within ten (10) days. Finally, with respect to Document Request No. 8 of plaintiff's Third Request for the Production of Documents, Fiesta is directed to provide a privilege log identifying any specific privilege and any particular documents that it asserts are privileged, in compliance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, within ten (10) days of the date of this Memorandum Opinion and Order. Failure to do so may result in a waiver of privilege with respect to these documents. Plaintiff is granted leave to renew any application to compel such documents by seeking a pre-motion conference.

In all other respects, plaintiff's motion is denied.


SO ORDERED:

Dated: Central Islip, New York
        August 6, 2008

                                        /s/ E. Thomas Boyle
                                        HON. E. THOMAS BOYLE
                                        United States Magistrate Judge